[Civ. No. 3719.  First Appellate District, Division Two.—March 8, 1921.]

## GEORGE M. PATTON, Appellant, v. THE WOODWARD COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—PERSONAL INJURIES—ACTION FOR DAMAGES—EVIDENCE—NONSUIT.—In this action for damages for personal injuries sustained by plaintiff as the result of a collision with an automobile driven by an employee of the defendant, there having been no evidence connecting the defendant either with the ownership or operation of the automobile, and the only evidence offered by plaintiff having clearly shown that the driver of the automobile at the time of the accident was working upon his own time and beyond the scope of his employment with the defendant, the court properly granted defendant's motion for nonsuit.

APPEAL from a judgment of the Superior Court of the County of Fresno.  D. A. Cashin, Judge.  Affirmed.

The facts are stated in the opinion of the court.

---

1. Who is responsible for negligence of chauffeur operating a leased or demonstrating car, notes, Ann. Cas. 1916A, 673;  40 L. R. A. (N. S.) 457;  44 L. R. A. (N. S.) 113;  51 L. R. A. (N. S.) 1164.

C. K. Bonestell for Appellant.

Everts & Ewing and J. R. Fitch for Respondent.

NOURSE, J.—Plaintiff appeals from a judgment in favor of defendant following the granting of defendant's motion for nonsuit in an action for personal injuries. The motion for nonsuit was granted upon the grounds that there was no evidence introduced connecting the defendant with the ownership of the automobile or with its operation at the time of the accident and that there was no evidence introduced which showed that the person operating the automobile was at the time of the accident either in the employ of the defendant or acting within the scope of his employment. The complaint alleged that the defendant, a corporation, while engaged in the business of demonstrating and selling automobiles, operated an automobile along Inyo Street, in the city of Fresno, in a westerly direction while plaintiff was operating a bicycle along the same street in an easterly direction and approaching the intersection thereof with I Street; that as plaintiff approached the intersection of said streets the defendant corporation negligently caused said automobile to be driven along said Inyo Street and into I Street at such an angle across the intersection of said streets that it passed to the left of the center thereof; that by reason of the collision so caused plaintiff was thrown to the pavement and injured.

The evidence disclosed by the bill of exceptions is that one Pearson, an employee of the defendant corporation, was operating the car in question after business hours and after defendant's place of business had been closed for the day; that the car belonged to another employee of defendant by the name of Collins and had been taken by him in trade for another machine; that it had been left at defendant's place of business for the purpose of being sold, but that the arrangements for selling it had been made between Pearson and Collins, the owner, without any negotiations with or instructions to or from the defendant corporation; that without any instructions from the defendant corporation Pearson took the car for the purpose of demonstrating it after he had completed his work for the day and sold it on that day, payment being made

directly to Collins.  No commission was paid to the defendant corporation on account of the sale of the car and Pearson himself received no commission therefor.  The automobile had been stored by Collins in the offices of the corporation for a period of about one week prior to the accident and on some occasions was run out to the street in front of the offices or on a near-by lot for the purpose of display with cars of the company which were thus exhibited for sale.  At the time of the accident the car carried a dealer's license issued to and belonging to the corporation, which Pearson testified he had taken without permission.  The foregoing facts appear from the testimony of Pearson, who was called for the plaintiff.  Another witness, Collins, also called for the plaintiff, corroborated this testimony in the main, though his testimony relating to his authorization of Pearson to sell the car was indefinite.  Collins further testified that with reference to the sale of the automobile he made no contract with the corporation.

This was all the evidence offered by appellant on this phase of the case.  In appellant's brief it is argued that the testimony of these two witnesses is conflicting and that the trial court should have disregarded the conflict and resolved all inferences and presumptions in favor of the appellant.  But the record discloses no conflict.  The argument in the brief is based upon a misquotation of the evidence of Collins as disclosed by the bill of exceptions as follows: "I was the owner of the Ford automobile which had caused the accident.  I had left it *with the defendant* to be sold."  The testimony of this witness appearing in the bill of exceptions is: "I was the owner of this Ford automobile which caused the accident.  *I had never turned the automobile over to the Woodward Company.*  I had left it *there* to be sold.  Q. But not to be sold by the Woodward Company, was it?  A. Well, it was with the other used cars.  I never talked to either of the Woodwards about selling the car for me to my knowledge.  I might possibly have talked to Mr. Pearson about it."  This testimony is in complete harmony with that of the witness Pearson, who testified that his fellow-employee Collins had merely brought his car to his place of employment; that it had not been turned over to the corporation for the purpose of sale, but that Collins had

authorized him to act as his own agent in the sale of the car.

[1]   There was no evidence connecting respondent either with the ownership or operation of the automobile, and the only evidence offered clearly showed that Pearson at the time of the accident was working upon his own time and beyond the scope of his employment with respondent.

The motion for a nonsuit was properly granted and the judgment is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 5, 1921.

All the Justices concurred.